**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------x        Chapter 13
In re:
                                                          Case No. 15-43250 cec
        Jin R. Woo,

                        Debtor                **AMENDED CHAPTER 13 PLAN**

-------------------------------------------------x

1.  The future earnings of the debtor is submitted to the supervision and control of the trustee and the debtor shall pay to the trustee for a total of 60 months, the sum of:

    $380.00 per month commencing August 2015 through and including July 2020 for a period of 60 months

    **PLUS**

    $2,000.00 per month towards the mortgage held by Selene Finance commending August 2015 and continuing monthly thereafter until the date of entry of an order approving the modification of the debtor's mortgage held by Selene Financial.  Upon modification, such payments, less Trustee's commission, to be paid over to Selene Financial.

2.  From the payments so received, the trustee shall make disbursements as follows:

    a.  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Sec. 507.

    b.  Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        Selene Finance, account number ending in 2622 for the mortgage lien encumbering debtor's residence at 61-56 84th Place, Middle Village, New York, to be modified.  Debtor to repay $590,000.00 with interest thereon at the rate of two (2%) percent per annum over a term of 40 years.  Proposed modification payments of $1,800.00 per month, including escrows for the payment of real estate taxes and insurance, to be remitted to the Trustee commencing August 2015 and continuing monthly thereafter until an Order approving the modification of debtor's mortgage is entered by the Court.

        Wells Fargo Bank, N.A., account number ending in 5741 for the mortgage lien encumbering vacant lot at 61-60 84th Place, Middle Village, New York:  the property is to be sold through a short sale upon the Court approving such sale.  In the event a short sale cannot be negotiated, then the property shall be surrendered to Wells Fargo Bank, N.A. which shall be allowed to file a proof of claim for any deficiency which shall be an unsecured claim.

    c.  The NYC Water Board shall be paid the sum of $600.61 at 9% interest for past due water charges.

d. Subsequent and/or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: PRO RATA distributions to all timely filed proofs of claim of not less than 10 percent.

### JUNIOR MORTGAGE LIEN TO BE AVOIDED

3. **Pursuant to 11 U.S.C. §502, 506(a), 1322(b)(2), 1325(a) and 1328(f) the debtor intends to avoid a mortgage lien on debtor's primary residence at 61-56 84th Place, Middle Village, New York 11422 ("debtor's residence") held by Real Time Resolutions, Loan No. (Last four digits) 2586 [Claim No. ____ filed on _____ in the amount of $_____]. The debtor is eligible to receive a discharge in this case, and the debtor filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by Real Time Resolutions which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by Real Time Resolutions is not secured by the debtor's residence because the amount of the senior mortgage(s) exceed the value of the debtor's residence, and the secured claim on the debtor's residence held by Real Time Resolutions shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph 2(c) above. Upon entry of the Chapter 13 discharge, the debtor or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the City Register/County Clerk's office in order to cancel and discharge the aforementioned lien.**

4. Property to Be Surrendered to Secured Creditor other than as set forth in paragraph 2(b) above: NONE

5. All lease agreements are hereby assumed, unless specifically rejected as follows: NONE.

6. Title to the debtors' property shall revest to the debtors upon completion of plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtors will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 trustee or the Court.

7. Other Provisions: Legal fees of $2,750.00 to be paid to debtor's counsel as administrative expenses under the Plan.

8. As used herein, the term "Debtor" shall include both debtors in a joint case.

Dated: August 24, 2015

                                                      Signature:   /s/ Jin R. Woo
                                                                 Jin R. Woo Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
                                                         Case No. 15-43250 cec
In re:                                                 Chapter 13

       Jin R. Woo,

                     Debtors.
----------------------------------------------x

                       CERTIFICATE OF SERVICE

      I, Allan R. Bloomfield, a member in good standing of the Bar of the State of New York, and an attorney admitted to practice before this Court, among others, hereby certify that on August 24, 2015, I caused a true copy of the <u>Amended Chapter 13 Plan</u>, to be served by U.S. mail, postage pre-paid, on each of the following parties:

Michael J. Macco, Esq.
135 Pinelawn Road
Suite 120 South
Melville, NY 11747

United States Trustee
201 Varick Street, #1006
New York, N.Y. 10014

Dated:  August 24, 2015

                                                     /s/ Allan R. Bloomfield
                                                   Allan R. Bloomfield